United States District Court
Middle District of Florida
Jacksonville Division

**FRANK BRETT,**

*Plaintiff,*

v.                                                          No. 3:22-CV-495-MMH-PDB

**MISCELLANEOUS DEFENDANTS,**

*Defendants.*

---

## Report & Recommendation

Frank Brett, pro se, has filed (1) a complaint naming 241 defendants, including President Joe Biden, First Lady Jill Biden, William Barr, David Samson, and Bill Baroni, and (2) a motion to file the complaint under seal. Because of that motion, the clerk has provisionally filed the case under seal. Mr. Brett has neither paid a filing fee nor filed a motion to proceed in forma pauperis.

As the basis for jurisdiction, Mr. Brett writes:

> In title 119 USC. (A)7(B)[illegible] A Black and white gang came after cops and their family and the US. Government did not protect me and did illegal wiretaps on my phones breaching the FISA – Foreign Intelligence Surveillance Act of 1996. I [illegible] this point in 2007, with US Federal Judges Greg Press Nell and Kendle Sharp in Orlando, FL.
>
> #2: Crime Victims Rights Act Title 18 Section 3771 – Victims of Federal Crimes have rights including the right to be heard in court not to be precluded from court proceedings and the right to be treated fairly by court personel.

His pleading is difficult to understand, but his allegations appear to include that he was raped multiple times, run over by several cars, poisoned, and

improperly surveilled through wiretaps. He attaches handwritten pages alleging mob activity, the Biden family's collusion with China, a slew of sex crimes, and various other offenses. His connection to some of the alleged incidents is unclear. As relief, he requests injunctions against various defendants and 70 million dollars from "all defendants."

Mr. Brett has a history of filing lawsuits in the Middle District of Florida,[1] and he has filed other lawsuits in other districts over the years.[2] As a vexatious litigant, he cannot file cases without leave of court in the Orlando Division, *see Brett v. Rodriguez*, 6:17-cv-313-GKS-KRS (Doc. 9), and in the Southern District of Florida, *see Brett v. Powel*, No. 0:16-cv-60485-KMM (Doc. 5).

A court "shall" dismiss an action by a plaintiff who has not paid the filing fee if at any time the court determines the action is frivolous. 28 U.S.C. § 1915(e)(2)(B). Because a § 1915 dismissal for frivolousness "is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations" but could "have a res judicata effect on frivolousness determinations for future in forma pauperis petitions." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton*, 504 U.S. at 33 (explaining that a "finding of factual frivolousness is appropriate when

---

[1] See, for example, *Brett v. Baker*, No. 6:16-cv-667-Orl-37TBS, 2016 WL 2731626, at *2 (M.D. Fla. Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 2653149 (listing 17 other lawsuits filed in the Middle District of Florida).

[2] See, for example, case number 2:16-cv-4028-SVW-KES in the Central District of California, which describes 143 lawsuits.

the facts alleged rise to the level of the irrational or the wholly incredible"); *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (explaining that an action is frivolous if "the plaintiff's realistic chances of ultimate success are slight"). To decide frivolousness, a court may consider "a litigant's history of bringing unmeritorious litigation." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

Even construing Mr. Brett's pleading liberally to account for his pro se status and regardless of any res judicata effect of any prior orders, dismissal is warranted because the action is frivolous.³ The "facts alleged rise to the level of the irrational or the wholly incredible." *See Denton*, 504 U.S. at 33 (quoted). His "history of bringing unmeritorious litigation" supports a finding of frivolousness. *See Bilal*, 251 F.3d at 1350 (quoted).

A court's discretion to dismiss an action without leave to amend is "severely restricted" by Federal Rule of Civil Procedure 15(a), which directs that leave to amend shall be freely given when justice so requires. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). But the court need not grant leave to amend if amendment would be futile. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Amendment is futile if a claim is clearly without merit and there is no indication a more carefully drafted pleading might state a claim. *Howard v. Memnon*, 572 F. App'x 692, 697 (11th Cir. 2014).

Here, amendment would be futile. The claims are clearly without merit and there is no indication a more carefully drafted pleading might state a claim. *See Brett v. Garcia*, No. 6:15-cv-638-ORL-40KRS, 2015 WL 3404490, at

---

³There are additional reasons dismissal is warranted or likely warranted (for example, failure to state a claim on which relief can be granted, improper venue, and claim preclusion), but in the interest of judicial economy, those reasons need not be addressed.

3

\*2 (M.D. Fla. May 26, 2015) (finding leave to allow Mr. Brett to amend complaint would be futile based on "long history of filing frivolous suits" and "lack of any basis" in complaint to conclude he could state cognizable claim in amended complaint).

Under Federal Rule of Civil Procedure 5.2(d), a "court may order that a filing be made under seal[.]" In the Middle District of Florida, a motion for leave to file under seal must (1) "include in the title 'Motion for Leave to File Under Seal'"; (2) "describe the item proposed for sealing"; (3) "state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory"; (4) "propose a duration of the seal"; (5) "state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item"; (6) "include a legal memorandum supporting the seal"; and (7) "not include the item proposed for sealing." Local Rule 1.11(c)(1)–(7).

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). A court may determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). Considering the presumption of public access, "sealing is unavailable absent a compelling justification." Local Rule 1.11(a).

Here, Mr. Brett requests sealing because he "was threatened by 4 Latin men" and fears for his life. He fails to comply with the Local Rule 1.11 requirements for a motion for leave to file under seal. Specifically, he attaches the item proposed for sealing, fails to state the reason means other than sealing are unavailable or unsatisfactory, fails to propose a duration for the seal, and

4

fails to attach a legal memorandum supporting the seal. Moreover, despite his allegations of threats and fear, he fails to show he would suffer any injury from the public accessing the complaint or to otherwise demonstrate a compelling justification for sealing. Filing the complaint under seal is unwarranted.

The undersigned **recommends** dismissing the action without prejudice, denying the motion to file the complaint under seal, and directing the clerk to lift the seal and close the file.

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3), 28 U.S.C. § 636(b)(1)(B), 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on October 24, 2022.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   The Honorable Marcia Morales Howard

   Frank Brett
   822 Johnston Street
   Philadelphia, Pennsylvania 19148